■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA TINDALE, Appellant. [604 NYS2d 444] —Judgment unanimously reversed on the law, plea vacated and matter remitted to Supreme Court for further proceedings on indictment in accordance with the following Memorandum: Supreme Court found that defendant violated probation. It released her from custody to enable her to put her personal affairs in order prior to sentencing on the underlying felony of attempted burglary in the second degree. Defendant failed to appear in court on the adjourned date for sentencing. On the following day, defendant was arrested for disorderly conduct. She was arraigned on that charge, and while being taken to the Public Safety Building Jail, defendant slipped out of handcuffs and fled. An indictment was filed charging defendant with escape in the first degree. Defendant pleaded guilty to escape in the second degree (Penal Law § 205.10 [2]). On appeal, she contends that the court erred in accepting that plea because her

factual allocution negated an essential element of escape in the second degree. We agree.

Penal Law § 205.10 (2) provides that a person is guilty of escape in the second degree when, "[h]aving been arrested for, charged with or convicted of a class C, class D or class E felony, he escapes from custody". " 'Custody' means restraint by a public servant pursuant to an authorized arrest or an order of a court" (Penal Law § 205.00 [2]). Defendant was not in custody on a felony charge at the time of her escape; defendant admitted that she was in custody only with respect to the disorderly conduct charge. Because an essential element of the crime of escape in the second degree was negated by the factual allocution, the court erred in accepting the plea. At best, defendant's factual allocution supports a conviction for escape in the third degree (Penal Law § 205.05) and bail jumping in the second degree (Penal Law § 215.56). Thus, we vacate the plea and remit this matter to Supreme Court for further proceedings on the indictment. (Appeal from Judgment of Supreme Court, Monroe County, Wesley, J.—Escape, 2nd Degree.) Present—Callahan, J. P., Green, Balio, Fallon and Boehm, JJ.